# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

RICHARD HOLLINGSWORTH, #276260,  *
                                 *
    Plaintiff,                *
                                 *
vs.                              * CIVIL ACTION NO. 13-00480-WS-B
                                 *
KIM T. THOMAS, *et al.*,         *
                                 *
    Defendants.               *

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon review of Plaintiff's complaint, it is recommended that Plaintiff's claims against Defendants Carroll and Byrd be dismissed without prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted,[1] and that Plaintiff's remaining claims against Defendants Commissioner Kim T. Thomas, Warden Gary Hetzel, and Captain Ronzella Howard, based on conditions of confinement, proceed in this action.

---

[1] The claims against Defendants Carroll and Byrd are for compensatory and punitive damages for the use of excessive force and for the failure to intervene, and for injunctive relief to "[e]xpunge all disciplinaries and incident reports pertaining to the assault[.]" (Doc. 1 at 9).

**I. Complaint. (Doc. 1).**

Plaintiff brought this action containing claims that are based on two distinct sets of facts. The first set of facts is based on an incident in which Plaintiff's right hand was hit by a guard, and the second set of facts is based on the conditions of confinement in segregation at Holman Correctional Facility. Plaintiff's claims arising from these distinct sets of facts should have been brought in separate actions.[2] However, due to the deficiencies in Plaintiff's claim regarding his right hand, the Court will address that claim although it is distinct from his claim regarding the conditions of confinement in segregation.

Plaintiff's allegations describing the injury to his right hand are described below, and his factual assertions are taken as true for the purposes of this Report and Recommendation.

---

[2] See Skillern v. Georgia Dept. of Corrs. Comm'r, 379 F. App'x 859, 860 (11th Cir. 2010) (unpublished) (finding that the district court did not abuse it discretion in dismissing the inmate's case when he failed to comply with magistrate judge's order to comply with Rule 20(a) by showing "the claims against the defendants arose out of the same transaction, occurrence, or series of transactions or occurrences[.]"); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "multiple claims against a single party are fine . . . but unrelated claims against different defendants belong indifferent suits[,]" not only to prevent unwieldy litigation "but also to ensure that prisoners pay the required filing fees").

Brown v. Pastrana, 446 F. App'x 270, 272 (11th Cir. 2011) [3] (unpublished) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). On September 4, 2013, Plaintiff was confined to a segregation cell when Defendants Carroll and Byrd, along with the floor supervisor, Sgt. Earl, began serving breakfast. (Doc. 1 at 4). When Sgt. Earl served Plaintiff, Plaintiff requested that his "feed hole" be left open and that the warden be contacted so Plaintiff could speak with the warden "about the deplorable living condition in the Holman Segregation Annex." (Id.). Sgt. Earl ordered Defendants Carroll and Byrd to leave Plaintiff's "feed hole" open. (Id.). The "feed holes" were reopened to collect the trays, with Officer Owens having the responsibility for closing the "feed holes." (Id., at 4-5). Plaintiff informed Officer Owens that Sgt. Earl had given instructions to leave his "feed hole" open. (Id., at 5). Thereupon, Officer Owens contacted Sgt. Earl by two-way radio, and was told to leave Plaintiff's "feed hole" open. (Id.).

At approximately 11:30 a.m., Defendants Carroll and Byrd, along with Sgt. Earl and Officer Owens, returned to serve lunch. (Id.). Sgt. Earl gave the order again that Plaintiff's "feed

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

hole" was to remain open. (Id.). After lunch was served, Defendants Carroll and Byrd returned without the other officers to pick up the trays and to close the "feed holes." (Id.). Defendant Byrd passed Plaintiff's cell, and was a few feet away, when Defendant Carroll approached Plaintiff's cell. (Id.). When "Plaintiff attempted to remind Defendant Carroll of the floor supervisor's orders, [Defendant Carroll] pulled out his extendable riot baton and began delivering strikes to the Plaintiff's right hand, with all of his body weight causing severe pain." (Id.). Plaintiff pulled "his hand away after a direct strike to his right wrist and a second direct strike to the fingers of his right hand." (Id.). Defendant Byrd did not intervene as Plaintiff screamed in pain, he just observed. (Id.).

Sgt. Earl took Plaintiff to the infirmary where Plaintiff was given pain medicine and his right wrist was wrapped. (Id.). Afterwards, Plaintiff could not wear handcuffs for several days and remained in "severe pain." (Id.).

Plaintiff claims that he did not threaten the officers or break any prison rules. (Id.). Plaintiff further alleges, "Defendant Carroll has a history of excessive force use against inmates[]" (id.), and "Defendant Carroll assaulted Plaintiff for the sole purpose of causing pain." (Id., at 10). Plaintiff also

4

identified inmates who witnessed the assault. (Id., at 5).

With respect to the excessive force claim, Plaintiff request to have "[e]xpunge[d] all disciplinaries and incident reports pertaining to the assault from plaintiff[']s jacket[; to be] [a]ward[ed] $75,000 jointly and severally against Defendants Carroll and Byrd in compensatory damages and the same in punitive damages." (Id., at 9).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is screening his superseding Amended Complaint (Doc. 60) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id., 490 U.S. at 327, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

When considering a *pro se* litigant's allegations, a court holds them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds

6

by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662). A plaintiff's factual allegations are treated as true, but conclusory assertions and a recitation of a cause of action's elements are not. Iqbal, 566 U.S. at 681, 129 S. Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

**A. Applicable Law.**

"In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA")." Harris v. Garner, 216 F.3d 970, 971 (11th Cir. 2000), cert. denied, 532 U.S. 1065 (2001). Included in the PLRA is 42 U.S.C. § 1997e(e), which provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). For the purposes of this section, a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the

7

terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997(h). This section, therefore, applies to Plaintiff who was a prisoner when he filed this action.

Section 1997e(e) is "[r]ead as a limitation on a damages remedy only[.]" Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir. 2000). By enacting § 1997e(e), "Congress has chosen to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief, and not through actions for damages." Id., 190 F.3d at 1289. This section "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004). The statute's clear and broad language encompasses all claims, including constitutional claims, and provides for no exceptions. Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011). No distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical

injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally. Id.

**B. Claims for Compensatory and Punitive Damages.**

With respect to Plaintiff's request for $75,000 in compensatory damages and $75,000 in punitive damages from Defendants Carroll and Byrd, § 1997e(e) requires Plaintiff have suffered a physical injury before he can recover compensatory or punitive damages. 28 U.S.C. § 1997e(e). This physical injury must be greater than *de minimis*. Harris v. Garner, *supra*, 190 F.3d at 1286.

In reviewing Plaintiff's allegations, the Court finds that Plaintiff's allegations do not reflect that he suffered a physical injury that is greater than *de minimis*. Plaintiff's allegations indicate that he was struck twice with an "extendable riot baton," first on his right wrist and next on his right hand's fingers. (Doc. 1 at 5). After these two strikes, he pulled his hand away as he screamed in "severe pain." (Id., at 5). Plaintiff also alleges that he was "struck multiple times" (id., at 10), and Defendant Carroll delivered "strikes." (Id., at 5). Considering that Plaintiff withdrew his hand after the second strike (id., at 5), a finding that there were more than two strikes would be inconsistent with his statement that he withdrew his hand after his wrist and fingers

9

were hit by two strikes. Thus, Plaintiff's vague allegations of multiple strikes are surplusage. Furthermore, Plaintiff attributes no specific injury to Defendant Byrd's failure to intervene.

After the incident, Plaintiff was taken to the prison infirmary where he received pain medication and had his wrist wrapped. There are no allegations of a broken bone, bruising, swelling, or an abrasion; of the type of medication that he received or the type of wrapping applied; or of the length of time he took pain medication or wore the wrapping. Plaintiff mentioned that he could not wear handcuffs for "several days," with no reason being given for this inability, e.g., tenderness, swelling, bruising, wrapping was too thick. (Id., at 5). And at the time he filed the Complaint on October 1, 2013, he vaguely claims that he "remain[ed] in severe pain." (Id., at 5).

Even though Plaintiff leads the Court to believe that Defendant Carroll's striking of his hand was unprovoked and done for the sole purpose of inflicting pain (id., at 11), Plaintiff's request to have removed from his "jacket" "all disciplinaries and incident reports pertaining to the assault" undercuts this assertion. In the allegations, Plaintiff makes no reference to a disciplinary or incident report, and no disciplinaries or incident reports were attached to the

10

Complaint. Therefore, Plaintiff's conclusion that the sole purpose was to inflict pain is discounted because it is not a fact, but a conclusion, and therefore is not taken as true. The Court also recognizes that it is beneficial for an inmate to draft a complaint that skirts the decision in Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), which renders many claims to be without legal merit when a disciplinary conviction is challenged. Id., 515 U.S. at 478-83 (holding that inmate generally does not have a liberty interest when he is placed in disciplinary segregation and therefore the disciplinary conviction cannot be challenged on due process grounds).

In determining whether Plaintiff suffered an injury that is greater than *de minimis*, the Court reviewed decisions from other courts that considered whether an injury is *de minimis* or not an injury at all. See In re Bayside Prison Litigation, 2010 U.S. Dist. LEXIS 124624, *18, 2010 WL 4916716 (D. N.J. November 18, 2010) (finding that the inmate's pain and swelling of the pinky finger for two days after the officer hit his left hand with a stick was a de minimis injury inasmuch as the swelling was only for a couple of days, and there was no lasting pain or physical distress or restriction even though the pinky finger was slightly deformed); Siglar v. Hightower, 112 F.3d 191, 193 (5th

11

Cir. 1997) (finding that a bruised ear which lasted for three days was a *de minimis* injury); Nolin v. Isbell, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000) (bruises received during an arrest were a *de minimis* injury); McDonald v. Neal, CA No. 13-0128-CG-M, 2013 U.S. Dist. LEXIS 172822, 2013 WL 6410402 (S.D. Ala. Dec. 9, 2013) (finding the allegations of an officer poking the plaintiff with a nightstick, slapping him two to three times across the face, and shoving him into the wall did not present a physical injury); Brown v. Croce, 967 F. Supp. 101, 104 (S.D. N.Y. 1997) (finding that two slaps to the face with no injury resulting were *de minimis*); Harris, 190 F.3d at 1286-87 (finding a "dry shave" was not a physical injury that was more than *de minimis*); Mann v. McNeil, 360 Fed. App'x 31, 32 (11th Cir. 2010) (unpublished) (finding that "the injuries that [plaintiff] complain[ed] of - including the vague injuries to his back, the scrapes and marks on his knees and legs, the lack of personal items, the lapse of time in reordering medication, the window-cleaning assignment, and the discontinuance of his pass for showers twice a day – amount[ed] to *de minimis* physical injuries" thereby barring damages for mental anguish and suffering), cert. denied, 131 S. Ct. 517 (2010); Mobley v. Grasco, 2011 U.S. Dist. LEXIS 81136, * 6-8, 2011 WL 3163159 (N.D. Fla. July 1, 2011) (finding the claim of "pain and

12

suffering" did not allege an injury); Osterback v. Johnson, No. 2003 U.S. Dist. LEXIS 25987, 2003 WL 25571396, at *6 (M.D. Fla. June 2, 2003) (finding the plaintiff's "slight weight loss (11 pounds), nausea, back pain, a sinus condition, appetite loss and headaches allegedly 'exacerbated by the poor living conditions'" did not satisfy § 1997e(e)'s physical injury requirement), aff'd, 112 Fed. App'x 4 (11th Cir. 2004); Waller v. Ray, 2009 U.S. Dist. LEXIS 63810, 2009 WL 2232457, at *2 (W.D. Va. 2009) (finding that the guard's pushing and shoving of an inmate was at the most *de minimis* discomfort); see also Wilkins v. Gaddy, 559 U.S. 34, 38, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010) ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.") (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")).

"In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). Taking Plaintiff's factual allegations as true, and construing them in the light most

13

favorable to him, Plaintiff's allegations do not allege an injury caused by either Defendant Carroll or Defendant Byrd that is greater than *de minimis*. Because Plaintiff failed to show a physical injury that is greater than *de minimis*, § 1997e(e) prohibits him from stating a claim for relief for compensatory and punitive damages from Defendants Carroll and Byrd. See Stephenson v. Ellis, 2013 U.S. Dist. LEXIS 41334, 2013 WL 1197723, at *2 (N.D. Fla. Jan. 25, 2013) (finding that the plaintiff failed to state a plausible claim for compensatory and punitive damages). Accordingly, Plaintiff's compensatory and punitive damages claims against Defendant Carroll and Byrd are due to be dismissed without prejudice for failure to state a claim upon which can be granted. See Harris, 216 F.3d at 980 ("[D]ismissal under this statutory provision of a claim that is filed during confinement should be without prejudice to re-filing the claim if and when the plaintiff is released.").[4]

**C. Claim for Injunctive Relief**.

In addition to his damages requests, Plaintiff requested injunctive relief in the form of expunction of his disciplinaries and incident reports related to the assault. (Doc. 1 at 9). This injunctive relief request is beyond the issues presented in this action. In his allegations, Plaintiff

---

[4] The Court recognizes that Plaintiff states that he is serving a sentence of life without parole. (Doc. 1 at 8).

did not complain about receiving a disciplinary or an incident report being written. A district court is not permitted to "issue an injunction when the injunction in question . . . 'deals with a matter lying wholly outside the issues in the suit.'" Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (quoting De Beers Consol. Mines v. United States, 325 U.S. 212, 220, 65 S. Ct. 1130, 1134, 89 L. Ed. 2d 1566 (1945)), cert. denied, 523 U.S. 1138 (1998). Inasmuch as no claim is alleged based on a disciplinary and or an incident report, Plaintiff's requests for his disciplinaries and incident reports to be expunged with respect to the assault fails to state a claim upon which relief can be granted. Bruce v. Reese, 431 Fed. App'x 805, 806 n.1 (11th Cir. 2011) (unpublished) (finding the federal inmate's request for injunctive relief was properly denied because in his superseding amended complaint, he omitted the causes of actions that corresponded to the requests for injunctive relief and thus his requests for injunctive were outside the scope of the underlying action).[5]

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that the claims against Defendants Carroll and Byrd be dismissed

---

[5] The Court's reasoning regarding the excessive force claim against Defendant Carroll applies to the failure to intervene claim lodged against Defendant Byrd.

without prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and that the remaining claims based on conditions of confinement against Defendants Commissioner Kim T. Thomas, Warden Gary Hetzel, and Captain Ronzella Howard proceed in this action.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

16

Judge is not specific.

    **DONE** this **1st** day of **May, 2014.**

                                                  **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**