```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

**RICHARD HOLLINGSWORTH, #276260,**   *

 **Plaintiff,**   *

**vs.**   *   **CIVIL ACTION NO.: 13-00480-WS-B**

**KIM T. THOMAS,** *et al.*,   *

 **Defendants.**   *

## REPORT AND RECOMMENDATION

This action, which was filed by Richard Hollingsworth, an Alabama state inmate, has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. Upon review, it is recommended that this action be dismissed due to Plaintiff's failure to prosecute and comply with the Court's order.

Plaintiff Hollingsworth filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights under the Eighth Amendment by their use of excessive force, failure to intervene, and unconstitutional living conditions. (Doc. 1). In their Answer and Special Report, Defendants Kim T. Thomas and Gary Hetzel argued that Plaintiff does not have standing to bring his claim, that Defendants cannot be held liable under the concept of *respondeat superior*, and that Defendants are entitled to qualified immunity and

immunity under the Eleventh Amendment.[1] (Docs. 27, 28). Defendants' Answer and Special Report was converted into a motion for summary judgment on June 3, 2016. (Doc. 29). In the order converting the Answer and Special Report, Plaintiff was ordered to inform the Court in writing by July 5, 2016, if he desired to continue with this litigation and, he was cautioned that if he did not respond, the Court would consider him to have abandoned this action and would treat the motion for summary judgment as unopposed. (Doc. 29 at 4). Plaintiff was also provided an opportunity to respond to the motion for summary judgment by the July 5th deadline. (Id.)

To date, Plaintiff has not responded to the Court's Order, nor has his copy of the Order been returned to the Court. It thus appears that he has lost interest in this litigation[2]. In light of Plaintiff's failure to respond and to prosecute this action, his apparent loss of interest in this case, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(interpreting Rule 41(b) to not restrict the court's inherent

---

[1] Plaintiff's claims Defendants Brandon Carroll and Robert Byrd were dismissed prior to service for failure to state a claim upon which relief could be granted. (Docs. 5, 24)

[2] Plaintiff's last contact with the Court was in June 2014. (Doc. 14)

authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F. 3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F. 2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F. 2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)(ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F. 2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

## **Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. §

636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **8th** day of **August, 2016**

/S/SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**